**In re Richard J. GEISE and Barbara J. Geise, Debtors.**

**Richard J. GEISE, Plaintiff,**

v.

**UNITED STATES of America INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 91–32457. Adv. No. 91–3404.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Dec. 16, 1992.

William Scott O'Brien, Findlay, OH, for plaintiff.

W. Stephen Muldrow, Washington, DC, for defendant.

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DETERMINING TAX LIABILITY

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon the motion of Debtor/plaintiff and the cross motion of defendant for summary judgment of plaintiff's complaint to determine tax liability. Upon consideration of the record herein, the court finds that defendant's motion is well taken and should be granted and that plaintiff is liable for the taxes imposed.

### FACTS

On June 20, 1991, plaintiff Richard J. Geise filed, with his wife Barbara J. Geise, a voluntary joint petition under chapter 7 of title 11. On September 30, 1991, plaintiff filed a complaint to determine tax liability. Plaintiff states that, on May 13, 1991,

he was notified of a certain civil penalty charged by defendant under IRC § 6672, the 100% penalty provision imposed upon a responsible person for failure to pay over payroll taxes, in the amount of $19,665.69. Plaintiff contends that this charge was improper, illegal and without a factual basis.

Specifically, plaintiff asserts that he is not a responsible person as he was employed as a production manager by Dura–Weld, Inc. (hereinafter referred to as "Dura"). Rather, he executed payroll checks as an accommodation to Dura's president, in the absence of the president. Pretrial Brief of Plaintiff at 3 (May 20, 1992). Furthermore, plaintiff asserts that he did not willfully fail to pay over payroll taxes on behalf of Dura.

Defendant asserts that the tax in issue may be imposed against an individual who has significant control over a company's business affairs and who participates in decisions concerning payments and disbursements of funds; plaintiff was an officer, director, co-owner and shareholder of Dura and had significant control over the dispersal of funds; he has admitted that he signed numerous checks. Furthermore, plaintiff's willfulness in failing to pay over the taxes is evident as he was aware the taxes were unpaid and failed to pay them.

On October 30, 1992, defendant filed a motion for summary judgment stating that Dura was a family run business; its principals were all related. Defendant states that Dura's 1988 business plan reflected Dura's need for funds, to pay certain liabilities, including past due payroll taxes. United States' Memorandum of Law in Support of Motion for Summary Judgment at 5. Additionally, that business plan reflected that business operations were maintained through non-payment of payroll taxes. *Id.* Defendant contends that plaintiff read Dura's business plan and was aware of the past due payroll taxes. *Id.* As a result, defendant requests summary judgment on the issues of whether plaintiff was "responsible" and "willful."

Plaintiff, on November 16, 1992, filed a motion for summary judgment admitting his liability for the second quarter of 1990

and the third quarter of 1990 totaling $2,199.47; defendant, however, disputes liability for the first quarter of 1989 through the first quarter of 1990, claiming he was not a responsible person who acted willfully under the terms of the IRC. Memorandum in Support of Motion for Summary Judgment of Plaintiff and in Opposition of the Defendant's Motion for Summary Judgment at 2. Defendant asserts that he was not an authorized signatory to Dura's account and that he executed checks, periodically, for the convenience of others, when Dura's president was absent. When he became aware of the nonpayment of trust fund taxes, he joined another shareholder in removing the president.

## DISCUSSION

Plaintiff's complaint is brought pursuant to 11 U.S.C. § 505(a) which permits this court to "determine the amount or legality of any tax"; defendant admits to this court's jurisdiction. Answer of the United States at 1 (Nov. 25, 1991). The tax in issue was imposed pursuant to 26 U.S.C. § 6672 which provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

Liability will be imposed upon plaintiff, then, if he is a "responsible person" and he "willfully failed to carry out the responsibilities that the tax code imposes on him." *Bowlen v. U.S.* 956 F.2d 723, 727 (7th Cir. 1992) (citations omitted). Additionally,

> [t]he burden of proof is on the taxpayer as to all issues; the IRS assessment is presumed to be correct unless it can be shown to be without rational foundation.

*In re Bernard,* 130 B.R. 740, 745 (Bkrtcy. W.D.La.1991) (citations omitted). *See also In re Summers,* 32 B.R. 861, 866 (Bkrtcy.

N.D.Ohio 1983) (Debtor, as the person seeking to avoid the penalty, bears the burden of proving by a preponderance of the evidence that he was not a "responsible", person or that his failure to pay the taxes was not "willful" (citations omitted) ).

▪ Initially, then, the court notes that defendant's assessment is presumed correct; plaintiff must convince this court that he was not responsible or that he did not act willfully. Defendant admits liability for $2,199.47, representing the nonpayment of trust fund taxes for the second and third quarters of 1990. Memorandum in Support of Motion for Summary Judgment of Plaintiff and in Opposition of the Defendant's Motion for Summary Judgment at 2. Thus, the issue remaining is whether plaintiff is liable for the nonpayment of trust funds taxes for the first quarter of 1989 through the first quarter of 1990, totaling $17,466.22 ($19,665.69 − $2,199.47 = $17,466.22).

Both parties request summary judgment pursuant to Bankruptcy Rule 7056 which permits the court to grant summary judgment if it appears there is no genuine issue as to any material fact and movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

▪ Defendant's tax assessment represents the 100% penalty, imposed upon a responsible person for nonpayment of trust fund taxes. Although defendant asserts that plaintiff is liable as he had significant control over the dispersals of funds, plaintiff maintains that he was the shop manager who executed checks as a convenience to others.

> A "responsible" person may include any person with significant, though not exclusive, authority to decide what bills are to be paid. An officer of a corporation may be found to be a responsible person, even if others in the corporation also have the duty to collect and pay over taxes.

*Summers,* 32 B.R. at 866 (citations omitted). *See also Bowlen,* 956 F.2d at 728 (to be responsible, a person need not necessarily have exclusive control over the dispersals of funds or have the final word as to

which creditors should be paid so long as he has significant control).

Courts have recognized several indicia of responsible person status including ownership of stock or holding of an entrepreneurial stake in a corporation and authority to sign checks on corporate accounts or prevent their issuance by denying a necessary signature.

*Bowlen,* 956 F.2d at 728 (citations omitted). *See also Bernard,* 130 B.R. at 746 (factors considered by the Fifth Circuit on a case by case basis to determine responsible person include: (1) holding an office or owning stock in a corporation; (2) managing the day-to-day operations of the business; (3) making decisions as to the disbursement of funds and the payment of creditors; and (4) check signing authority (citation omitted)).

Plaintiff "was an officer and 30% shareholder of Dura." Memorandum in Support of Motion for Summary Judgment of Plaintiff and in Opposition of the Defendant's Motion for Summary Judgment at 1 (Nov. 16, 1992). Plaintiff's sole defense, on this issue, appears to be that he "did periodically sign checks of [Dura] only for the purpose of convenience when [Dura's president] was not around to sign such checks." *Id.* at 2. Based upon this assertion, the court finds that plaintiff has failed to carry his burden of proof, rebutting the presumed correctness of the tax imposed. Plaintiff owned stock in the company, he was involved in the day-to-day operations of the business, he was involved in disbursing funds to creditors and he had check signing authority. Thus, despite plaintiff's assertion that he was not a signatory on the account, he, obviously, had that authority as he "periodically sign[ed] checks" in the absence of Dura's president. Based upon the record, then, the court finds that plaintiff has failed to demonstrate that he was not a responsible person.

The court must also determine whether plaintiff's conduct was willful.

Willful conduct has been defined as "intentional, knowing and voluntary acts. It may also indicate a reckless disregard for obvious or known risks."

Willfulness is shown by a decision to pay other creditors when taxes are known to be unpaid....

.... Liability has been imposed where a taxpayer knows of problems in paying taxes and in corporate management, and fails to investigate to insure payment of taxes or take steps to correct mismanagement.

*Summers,* 32 B.R. at 866 (citations omitted). *See also Davis v. U.S.,* 961 F.2d 867, 871 (9th Cir.1992) (willful has been defined as a "voluntary, conscious and intentional act to prefer other creditors over the United States"; taxpayer's deliberate decision to use corporate revenues to pay commercial creditors rather than to diminish its tax debt falls within the literal terms of willfulness), *petition for cert. filed,* Oct. 13, 1992; *Bowlen,* 956 F.2d at 729 (responsible person's use of funds or his knowledge of the use of funds for payments to other creditors after he is aware of the failure to pay the withholding tax is willful conduct).

After plaintiff's awareness of the nonpayment of trust funds taxes, as reflected in Dura's 1988 business plan, plaintiff should have, then, investigated to insure payment of taxes. Plaintiff states that he "lent his personal guarantee to the two loans" presumably used to pay the payroll taxes. Memorandum in Support of Motion for Summary Judgment of Plaintiff at 2. Once on notice of any "mismanagement", plaintiff had a duty to investigate payment of taxes. Although plaintiff maintains that he took steps, by causing Dura's president to resign, these steps do not relieve him of liability for the taxes imposed. Furthermore, other creditors were paid, including employees and, presumably, plaintiff. Such conduct rises to, minimally, a "reckless disregard for obvious or known risks." *Summers,* 32 B.R. at 866. As a result, plaintiff is liable for the nonpayment of trust fund taxes for the first quarter of 1989 through the first quarter of 1990.

Finally, Debtor's assertion that he was unaware of the tax arrearage until March, 1990, is not persuasive. See Memorandum in Support of Motion for Summary Judg-

ment of Plaintiff at 2. Debtor's familial relationship (Dura was a family run business, *see* United States' Memorandum of Law in Support of its Motion for Summary Judgment at 2) further supports this court's conclusion that plaintiff was aware of the nonpayment. *See Bernard,* 130 B.R. at 742 (Debtor was too close to his father not to know that there were unpaid trust fund taxes and Debtor was involved in too many aspects of the business not to know). Also, plaintiff's liability extends to taxes accruing before he became aware "provided that there were funds that could later be used to pay them." *Bernard,* 130 B.R. at 747. Thus, plaintiff must demonstrate that no creditors, other than defendant, were paid after he became aware of the withholding problem. *Id.* at 747. Plaintiff has failed to carry his burden of proof on the issue of willfulness, also; as a result, plaintiff is liable for the tax imposed.

In light of the foregoing, it is therefore

ORDERED that motion of plaintiff Richard J. Geise for summary judgment be, and hereby is, denied. It is further

ORDERED that motion of defendant United States of America, Internal Revenue Service for summary judgment be, and hereby is, granted and plaintiff Richard J. Geise be, and hereby is, liable for the tax imposed pursuant to 26 U.S.C. § 6672.